**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LAKEETA WOODS**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  20-cv- |
| | ) | |
| -vs- | ) | Judge: |
| | ) | |
| **TARGET CORPORATION and,** | ) | Magistrate Judge: |
| **PRESTIGE MAINTENANCE USA, LTD.,** | ) | |
| | ) | |
| Defendants. | ) | |

**<u>NOTICE OF REMOVAL</u>**

TO:   The Honorable Judges of the          David Vander Ploeg
        United States District Court for      Hanna/Vander Ploeg, LLC
        Northern District of Illinois          20 N. Clark Street
        Eastern Division                          Suite 3100
        219 S. Dearborn Street                Chicago, IL 60602
        Chicago, IL 60604

Pursuant to *28 U.S.C. § 1441, et seq.*, and *28 U.S.C. § 1332,* Defendant, **TARGET CORPORATION**, by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No. 2021-L-004297, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1.      This action is being removed to federal court based upon the diversity of citizenship of all parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2.      On April 26, 2021, Plaintiff, Lakeeta Woods, initiated the above captioned lawsuit by the filing of a Complaint entitled *Lakeeta Woods v. Target Corporation, and Prestige Maintenance USA Ltd.,* Docket No. 2021-L-004297, in the Circuit Court of Cook

County, Illinois. *A copy of the Complaint at Law is attached hereto as Exhibit "A" and incorporated herein by reference.*

3.      On or about April 26, 2021, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. *A copy of said Summons is attached hereto as Exhibit "B" and incorporated herein by reference.*

3.      Service was obtained on Target Corporation's registered agent on May 19, 2021.

4.      The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 for the following reasons:

(a)      Plaintiff, Lakeeta Woods, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b)      Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c)      Defendant, Prestige Maintenance USA, Ltd., at the time the lawsuit was commenced and at all relevant times, has been a Texas corporation with its principal place of business in Texas; therefore, for diversity of citizenship purposes, it is a citizen of the State of Texas;

(d)      According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is an amount in excess of $30,000.00. (See page 6 of Exhibit "A".) Plaintiff, Lakeeta Woods, claims to have incurred "legal obligations for hospital, medical, surgical, nursing and therapy bills, has lost wages...which she otherwise would have earned and acquired, has been caused to incur pain, suffering, disability, emotional distress, disfigurement, and a loss of normal life, all of which injuries and conditions are permanent in nature." (Exhibit "A" at paragraph 18.) Such allegations that Plaintiff has sustained a permanent injury are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, No. 10-cv-3331, 2010 WL

3273493 (N.D. Ill. Aug. 18, 2010), a copy of which decision is attached hereto as Exhibit "C";

(e)    Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(f)    While it does not appear that Defendant, Prestige Maintenance USA, Ltd. has yet been served, consent to removal has been obtained from its representative;

(g)    This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, in timely manner.  Removal is required within thirty (30) days of service of the Summons and Complaint on this Defendant. Thirty days expired on June 18, 2021; however, June 18 was a state and federal holiday followed by the weekend, so this Notice of Removal is being timely filed pursuant to Rule 6 of the Federal Rules of Civil Procedure;

(h)    This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to 28 U.S.C. § 1441(a).

5.    Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION** respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:    /s/ Robert M. Burke
       One of the Attorneys for the Defendant,
       Target Corporation

Robert M. Burke, #6187403
Michael J. Linneman, #6275375
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
burker@jbltd.com
linnemanm@jbltd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

/s/**Robert M. Burke**
Robert M. Burke, #6187403
Attorneys for Defendant
Target Corporation
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: burker@jbltd.com

# EXHIBIT A



FILED
4/26/2021 4:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 4/26/2021 4:17 PM 2021L004297

**IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

LAKEETA WOODS,             )
                       )
       Plaintiff,     )
                       )
      v.               )   No. 2021L004297
                       )
TARGET CORPORATION and PRESTIGE  )
MAINTENANCE USA LTD.,      )
                       )
      Defendants.   )

**COMPLAINT AT LAW**

NOW COMES the plaintiff, LAKEETA WOODS, by and through her attorneys, HANNA

/VANDER PLOEG, LLC, and in complaining of defendants, TARGET CORPORATION and

PRESTIGE MAINTENANCE USA, LTD., states as follows:

**JURISDICTION AND VENUE**

1. On April 26, 2019, and at all relevant times, plaintiff, LAKEETA WOODS, was a resident
   of the City of Bellwood, County of Cook, State of Illinois.

2. At all relevant times herein, defendant, TARGET CORPORATION, (hereinafter known as
   "TARGET") is a limited liability company incorporated in the State of Minnesota and
   doing business and owning property in the City of Broadview, County of Cook, State of
   Illinois.

3. On April 26, 2019, and at all relevant times, the incident took place in the City of
   Broadview, County of Cook, State of Illinois.

4. At all times, defendant PRESTIGE MAINTENANCE USA, LTD., (hereinafter known as
   "PRESTIGE WORLDWIDE") is a corporation incorporated in the State of Texas, and
   doing business and owning property in the City of Broadview, County of Cook, State of

1

> [!NOTE]
> **EXHIBIT**
> **A**



FILED DATE: 4/26/2021 4:7 PM  2021L004297

Illinois.

5. This Court has jurisdiction over defendants pursuant to 735 ILCS 5/2-209 because defendants conduct business transactions in Illinois, own, use, and possess real estate situated in the State of Illinois, have committed tortious acts in Illinois, and are registered to conduct business in Illinois.

6. Venue is proper in Cook County because defendants conduct business transactions in Cook County, and the cause of action arose, in substantial part, in Cook County. Venue is additionally proper because plaintiff resides in Cook County.

<u>**COUNT I**</u>
*LAKEETA WOODS V. TARGET CORPORATION*

1. Plaintiff herein incorporates paragraphs 1 through 6 and thought fully incorporated herein as paragraphs 1 through 6 of Count I.

7. That on or about April 26, 2019, and at all relevant times, defendant, TARGET owned, leased and/or maintained property for a Target Retail store located at 800 Broadview Village Square, City of Broadview, County of Cook State of Illinois.

8. That on or about April 26, 2019, and at all relevant times, defendant, TARGET, owned, possessed, managed, maintained and/or controlled the property for the Target Retail store located at 800 Broadview Village Square, City of Broadview, State of Illinois.

9. That at all relevant times, defendant knew or should have known that said property would be presented to customers in a reasonable and safe manner.

10. That at all relevant times, defendant could reasonably expect that customers would be using the main points of ingress and egress.

* 5 0 0 7 7 3 3 6 *

FILED DATE: 4/26/2021 2:17 PM 2021L004297

11. That prior to and on April 26, 2021, defendant had a duty to provide a safe point of ingress and egress.

12. That on or about April 26, 2019, plaintiff, LAKEETA WOODS, was lawfully on defendants' premises while shopping in the Target Retail store.

13. That on or about April 26, 2019, plaintiff, LAKEETA WOODS, slipped and fell while entering defendant TARGET's store on water that was left on the main point of ingress and egress.

14. That at all relevant times, defendant knew of, and/or in the exercise of reasonable care should know of, the dangers of slippery conditions at the main point of ingress and egress.

15. That at all relevant times, defendant could reasonably expect customers would not discover or realize the danger or would fail to protect themselves of such danger, of water left at the main points of ingress and egress.

16. That the defendant, TARGET, was then and there guilty of one or more the following careless of negligent acts and/or omissions:

   a. Failed to maintain the subject store in a reasonably safe condition for customers walking in the store;

   b. Failed to make a reasonable inspection of the premises when defendant knew, or should have known, that inspection was necessary to prevent injury to plaintiff;

   c. Failed to properly warn the plaintiff of the dangerous nature of the store when the defendant knew of in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the plaintiff;

   d. Was otherwise careless and negligent in its ownership, operation, management, maintenance and control of the premise in particulars to be determined through discovery herein.

17. At the aforesaid time and place, as a result of one of more of the above acts and/or

3

* 5 0 0 7 7 3 3 6 *

omissions, plaintiff, LAKEETA WOODS, was slipped and fell on a slippery substance on the floor.

18. That as a further direct and proximate result of the defendant's acts or omissions, the plaintiff, LAKEETA WOODS, has been caused to incur legal obligations for hospital, medical, surgical, nursing and therapy bills, has lost wages and will wages, profits and earning which she otherwise would have earned and acquired, has been caused to incur pain, suffering, disability, emotional distress, disfigurement, and a loss of normal life, all of which injuries and conditions are permanent in nature.

WHEREFORE, the plaintiff, LAKEETA WOODS, prays judgment against the defendant, TARGET CORPORATION, in an amount in excess of $30,000.00, plus costs and any other relief this court deems just.

## COUNT II
### *LAKEETA WOODS V. PRESTIGE MAINTENANCE USA, LTD.*

1. Plaintiff herein incorporates paragraphs 1 through 6 and thought fully incorporated herein as paragraphs 1 through 6 of Count II.

7. That on or about April 26, 2019, and at all relevant times, defendant, PRESTIGE WORLDWIDE owned, leased and/or maintained property for a Target Retail store located at 800 Broadview Village Square, City of Broadview, County of Cook State of Illinois.

8. That on or about April 26, 2019, and at all relevant times, defendant, PRESTIGE WORLDWIDE, owned, possessed, managed, maintained and/or controlled the property for the Target Retail store located at 800 Broadview Village Square, City of Broadview, State of Illinois.

9. That at all relevant times, defendant knew or should have known that said property would

FILED DATE: 4/26/2021 4:17 PM  2021L004297

4

* 5 0 0 7 7 3 3 6 *

FILED DATE: 4/26/2021 4:17 PM 2021L004297

be presented to customers in a reasonable and safe manner.

10. That at all relevant times, defendant could reasonably expect that customers would be using the main points of ingress and egress.

11. That prior to and on April 26, 2021, defendant had a duty to provide a safe point of ingress and egress.

12. That on or about April 26, 2019, plaintiff, LAKEETA WOODS, was lawfully on defendants' premises while shopping in the Target Retail store.

13. That on or about April 26, 2019, plaintiff, LAKEETA WOODS, slipped and fell while entering defendant TARGET's store on water that was left on the main point of ingress and egress.

14. That at all relevant times, defendant knew of, and/or in the exercise of reasonable care should know of, the dangers of slippery conditions at the main point of ingress and egress.

15. That at all relevant times, defendant could reasonably expect customers would not discover or realize the danger or would fail to protect themselves of such danger, of water left outside the main points of ingress and egress.

16. That the defendant, PRESTIGE WORLDWIDE, was then and there guilty of one or more the following careless of negligent acts and/or omissions:

   a. Failed to maintain the subject store in a reasonably safe condition for customers walking in the store;

   b. Failed to make a reasonable inspection of the premises when defendant knew, or should have known, that inspection was necessary to prevent injury to plaintiff;

   c. Failed to properly warn the plaintiff of the dangerous nature of the store when the defendant knew of in the exercise of ordinary care should have known, that said



FILED DATE: 4/26/2021 4:17 PM 2021L004297

warning was necessary to prevent injury to the plaintiff;

d. Was otherwise careless and negligent in its ownership, operation, management, maintenance and control of the premise in particulars to be determined through discovery herein.

17. At the aforesaid time and place, as a result of one of more of the above acts and/or omissions, plaintiff, LAKEETA WOODS, was slipped and fell on a slippery substance on the floor.

18. That as a further direct and proximate result of the defendant's acts or omissions, the plaintiff, LAKEETA WOODS, has been caused to incur legal obligations for hospital, medical, surgical, nursing and therapy bills, has lost wages and will wages, profits and earning which she otherwise would have earned and acquired, has been caused to incur pain, suffering, disability, emotional distress, disfigurement, and a loss of normal life, all of which injuries and conditions are permanent in nature.

WHEREFORE, the plaintiff, LAKEETA WOODS, prays judgment against the defendant, PRESTIGE MANAGEMENT USA, LTD., in an amount in excess of $30,000.00, plus costs and any other relief this court deems just.

Respectfully Submitted,
**HANNA/VANDER PLOEG, LLC.**

One of Plaintiff's Attorneys

David J. Vander Ploeg
**HANNA/VANDER PLOEG, LLC.**
20 N. Clark Street, Ste. 3100
Chicago, Illinois 60602
Telephone:     (312) 268-2026
Facsimile:     (312) 268-7035
Email: dvp@hanvanlaw.com
**Attorney No. 57052**

6



4/26/2021 4:17 PM
* 5 0 IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 4/26/2021 4:17 PM 2021L004297

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LAKEETA WOODS,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )       No. 2021L004297
                                        )
TARGET CORPORATION and PRESTIGE         )
MAINTENANCE USA, LTD.,                  )
                                        )
                Defendants.             )

## <u>AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222</u>

I, DAVID J. VANDER PLOEG, being first duly sworn under oath, states as follows:

1.      That your affiant is one of the attorneys of record for the party in this matter.

2.      That the total money damages sought in this civil does exceed $30,000.00.

FURTHER AFFIANT SAYETH NOT.

_____
DAVID J. VANDER PLOEG

David J. Vander Ploeg
**HANNA/VANDER PLOEG, LLC.**
20 N. Clark Street, Ste. 3100
Chicago, IL 60602
(312) 268-2026
(312) 268-7035 *facsimile*
Email: dvp@hanvanlaw.com
**Attorney No. 57052**

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
05/19/2021
CT Log Number 539582241

| | |
|---|---|
| **TO:** | Sue Carlson<br>Target Corporation<br>1000 NICOLLET MALL<br>MINNEAPOLIS, MN 55403-2542 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Target Corporation  (Domestic State: MN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAKEETA WOODS, Pltf. vs. TARGET CORPORATION and PRESTIGE MAINTENANCE USA LTD., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021L004297 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/19/2021 at 12:18 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/19/2021, Expected Purge Date: 05/24/2021<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

<div style="border: 2px solid black; text-align: center;">

**EXHIBIT**

**B**

</div>

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, May 18, 2021

**Server Name:** Sheriff Drop

Entity Served       TARGET CORPORATION

Agent Name          50644871

Case Number         2021L004297

Jurisdiction        IL



*S 0 0 7 7 3 3 6 *

FILED DATE: 5/4/2021 3:45 PM 2021L004297

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

**SUMMONS - ALIAS SUMMONS**      (06/28/18) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

LAKEETA WOODS
<div align="right">(Name all parties)</div>

v.

TARGET CORPORATION, et. al.

Case No.   2021L004297

**PLEASE SERVE:**
**Target Corporation**
**208 South LaSalle Street, Ste. 814**
**Chicago, IL 60604**

### ☒ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

Witness: _____

5/4/2021 3:45 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, CLERK OF COURT

Atty. No.: 57052
Atty. Name/Firm: HANNA/VANDER PLOEG, LLC.
Atty. For: PLAINTIFF
Address: 20 N. Clark Street, Ste. 3100
City: Chicago   State: Illinois   Zip: 60602
Telephone: (312) 268-2026 Fax: (312) 268-7035
Primary Email: dvp@hanvanlaw.com
Secondary Email: arv@hanvanlaw.com

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



* 5 0 0 7 7 3 3 6 *

FILED DATE: 5/4/2021 3:45 PM  2021L004297

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

☒ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

**SUMMONS - ALIAS SUMMONS**        (06/28/18) CCG N001

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

LAKEETA WOODS

           (Name all parties)      Case No.    2021L004297

v.

TARGET CORPORATION, et. al.

**PLEASE SERVE:**
**Target Corporation**
**208 South LaSalle Street, Ste. 814**
**Chicago, IL 60604**

### ☒ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

Witness: _____

5/4/2021 3:45 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, CLERK OF COURT

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

Atty. No.: 57052
Atty. Name/Firm: HANNA/VANDER PLOEG, LLC.
Atty. For: PLAINTIFF
Address: 20 N. Clark Street, Ste. 3100
City: Chicago   State: Illinois   Zip: 60602
Telephone: (312) 268-2026 Fax: (312) 268-7035
Primary Email: dvp@hanvanlaw.com
Secondary Email: arv@hanvanlaw.com

### IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED DATE: 5/4/2021 3:45 PM 2021L004297



* 5 0 0 7 7 3 3 6 *

FILED DATE: 5/4/2021 3:45 PM 2021L004297

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

☒ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Civil Action Cover Sheet - Case Initiation                    (12/01/20) CCL 0520

* 5 0 0 7 7 3 3 6 *

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LAKEETA WOODS

v.

TARGET CORPORAITON and PRESTIGE MAINTENANCE USA, LTD.

No. **2021L004297**

FILED DATE: 4/26/2021 4:17 PM   2021L004297

## CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ☐ Yes  ■ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☐ 027  Motor Vehicle
- ☐ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☐ 049  Product Liability
- ☐ 051  Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
  (Please Specify Below**)
- ■ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007  Confessions of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 031  Foreign Transcript
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

By: David Vander Ploeg, HANNA/VANDER PLOEG, LLC.

(Attorney)                              (Pro Se)

FILED
4/26/2021 4:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13094981

**(FILE STAMP)**

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☐ 002  Breach of Contract
- ☐ 070  Professional Malpractice
  (other than legal or medical)
- ☐ 071  Fraud (other than legal or medical)
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
  (Please specify below.**)
- ☐ 075  Other Commercial Litigation
  (Please specify below.**)
- ☐ 076  Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

** _____

_____

Primary Email: _____

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

## IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# EXHIBIT C

THOMSON REUTERS
WESTLAW EDGE

All content | Enter terms, citations, | Illinois | Search Tips | Sign out
Advanced

**Varkalis v. Werner Co.**

Related documents

United States District Court, N.D. Illinois, Eastern Division. • August 18, 2010 • Not Reported in F.Supp.2d • 2010 WL 3273493 (Approx. 4 p...

Go

---

Attorneys and Law Firms

Memorandum And Order

All Citations

Footnotes

2010 WL 3273493
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
N.D. Illinois,
Eastern Division.

# Mary VARKALIS, as Independent Administrator of the Estate of Michael Varkalis, Plaintiff,
v.
# WERNER CO. & Lowe's Home Center Inc., d/b/a Lowe's, Defendants.

No. 10 C 03331.
Aug. 18, 2010.

## Attorneys and Law Firms

Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL, for Plaintiff.

Michael Joseph Meyer, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL, for Defendants.

*MEMORANDUM AND ORDER*

BLANCHE M. MANNING, District Judge.

**\*1** The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

**I. FACTS**

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

EXHIBIT C

Back to top

## II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at ¶ 6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at ¶ 7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

## III. ANALYSIS

### A. *Standard for Removal*

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.,* 487 F.Supp.2d 1009, 1015 (S.D.Ill.2007) ("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.") (internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI*

Back to top

*Handling Systems, Inc.,* 188 F.3d 780, 782 (7th Cir.1999) (*citing* 28 U.S.C. § 1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman,* No. 04 C 5340, 2005 WL 497794, at *5 (N.D.Ill. Feb.28, 2005).

**B.** *Amount in Controversy*

**\*2** The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the *ad damnum* in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. *Height v. Southwest Airlines, Inc.,* No. 02 C 2854, 2002 WL 1759800, –––––2–3 (N.D.Ill. Jul.29, 2002); *Abdishi v. Phillip Morris, Inc.,* No. 98 C 1310, 1998 WL 311991, at *1–3 (N.D.Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. *RBC Mortgage Comp. v. Couch,* 274 F.Supp.2d 965, 969 (N.D.Ill.2003) (*citing McCoy v. GMC,* 226 F.Supp.2d 939, 941 (N.D.Ill.2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not

Back to top

explicitly stated in its *ad damnum* clause." *Gallo v. Homelite Consumer Prods.,* 371 F.Supp.2d 943, 947 (N.D.Ill.2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters.,* No. 06–323–GPM, 2006 WL 1875457, at *3 (S.D.Ill. June 30, 2006). *See also RBC Mortgage Co.,* 274 F.Supp.2d at 969 (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000) (citation omitted); *McCoy,* 226 F.Supp.2d at 941 (the 30–day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed [ ] the jurisdiction[al] amount").

*3  Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields,* No. 06–323–GPM, 2006 WL 1875457, at *7 ("defendants should never ... be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). *See also Huntsman Chem. Corp. v. Whitehorse Techs.,* No. 97 C 3842, 1997 WL 548043, at *5 (N.D.Ill. Sept.2, 1997) (*citing Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851, 853 (D.C.Mich.1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

**IV. CONCLUSION**

For the reasons stated above, the motion to remand the case to the Circuit Court of Cook County [8–1] is granted. The clerk is directed to remand this matter forthwith.

# All Citations

Not Reported in F.Supp.2d, 2010 WL 3273493

**Footnotes**

1    It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. # 12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

2    The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

---

**End of Document**       © 2020 Thomson Reuters. No claim to original U.S. Government Works.

## Related documents

| **Selected topics** | Secondary Sources | Briefs | Trial Court Documents |

Sales

Remedies of Buyer

Federal Common Law Government Contractor Defense

Contact us • Live chat • Training and support • Improve Westlaw Edge • Transfer My Data • Pricing guide • Sign out



1-800-REF-ATTY (1-800-733-2889)

Westlaw Edge. © 2020 Thomson Reuters    Accessibility • Privacy • Supplier terms    *Thomson Reuters is not providing professional advice*

Back to top